1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

9

**SOUTHERN DISTRICT OF CALIFORNIA**

10

JENNIFER ANDREWS and
GREGORY ANDREWS,

CASE NO. 14-cv-760-CAB (JMA)

11

ORDER GRANTING DEFENDANT'S
MOTION FOR PARTIAL SUMMARY
JUDGMENT

12

Plaintiffs,

vs.

[Doc. No. 17]

13

SALLIE MAE, INC. and DOES 1-100,

14

Defendant.

15
16

   This matter comes before the court on defendant's motion for partial summary

17

judgment. [Doc. No. 17.] Plaintiffs responded in opposition, defendant replied, and the

18

parties filed a joint statement of undisputed facts.   [Doc. Nos. 22, 26, 25.]   On

19

November 19, 2014, the court heard oral argument.   For the reasons set forth below, the

20

court grants defendant's motion.

21

STATEMENT OF THE CASE

22

   Plaintiffs Jennifer Andrews and Gregory Andrews sue Sallie Mae, Inc.

23

("defendant") for violation of California's Rosenthal Fair Debt Collection Practices Act,

24

violation of the federal Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §

25

227, and common-law intrusion.  [Doc. No. 1.]

26

   Only plaintiffs' TCPA claim is at issue here.  Among other restrictions, the

27

TCPA prohibits a person from "mak[ing] any call (other than a call made for emergency

28

purposes or made with the prior express consent of the called party) using any

1   automatic telephonic dialing system or an artificial or prerecorded voice" to another's
2   cell phone.  47 U.S.C. § 227(b)(1)(A)(iii).

3       In support of their TCPA claim, plaintiffs allege that, during the year prior to
4   their filing of the complaint, defendant used an automated dialing service to call their
5   cell phones more than 3,000 times, without their consent.  [*Id.* ¶ 13.]  Plaintiffs further
6   allege that, to the extent defendant thought plaintiffs had once consented to the calls,
7   plaintiffs repeatedly informed defendant that it did not have their permission to make
8   the calls.  [*Id.* ¶¶ 15–18.]  As a remedy for the alleged TCPA violations, plaintiffs
9   demand $1,500 in statutory damages for each phone call, plus costs and attorney's fees.
10  [*Id.* at 9.]

11      On September 12, 2014, defendant filed its pending motion for partial summary
12  judgment.  [Doc. No. 17.]  Defendant seeks dismissal of plaintiffs' TCPA claim, to the
13  extent it arises out of phone calls placed prior to September 17, 2012, on grounds that
14  any such claim is barred by the settlement in a prior TCPA class action, *Arthur v. Sallie*
15  *Mae, Inc.*, Case. No. 10-cv-198-JLR (W.D. Wash.) ("*Arthur*").  [Doc. No. 17 at 2.]
16  Defendant also seeks a ruling from this court that, as a result of the *Arthur* settlement,
17  plaintiffs "are deemed to have provided prior express consent as of September 17, 2012
18  to receive calls through the use of an automated dialing system and/or an artificial or
19  prerecorded voice."  [*Id.*]

20                    STATEMENT OF THE UNDISPUTED FACTS

21      Most of the undisputed facts relevant to defendant's motion relate to the
22  *Arthur* class-action settlement.  On February 2, 2010, Mark Arthur filed a putative class
23  action in the United States District Court for the Western District of Washington against
24  SLM Corporation, d/b/a Sallie Mae, for violations of the TCPA.  The named parties in
25  *Arthur* signed an Amended Settlement Agreement in October 2011.  [Doc. No. 17-2 at
26  8.]  The Agreement states that "[a]ny Settlement Class Member who has not submitted
27  or does not submit a valid and timely Revocation Request will be deemed to have
28  provided prior express consent to the making of Calls by Sallie Mae or any other

affiliate or subsidiary of SLM Corporation to any phone numbers reflected in such entities' records." [Doc. No. 17-5 at 11.] On April 3, 2012, the *Arthur* court issued an order preliminarily approving the class settlement and directing notice to absent class members. [Doc. No. 17-6 at 1.]

Plaintiffs are members of the *Arthur* settlement class. [Doc. No. 25 ¶¶ 1, 2.] On May 2, 2012, the settlement administrator mailed Jennifer Andrews a notice of the class settlement. [Doc. No. 17-2 ¶ 5 and at p. 6.] The settlement administrator also caused notice of the settlement to be published in "two separate national editions of *USA Today*, dated April 18, 2012 and April 25, 2012, and one national edition of the U.S. *Wall Street Journal*, dated April 18, 2012." [Doc. No. 17-2 ¶ 5.] Plaintiffs did not opt out of the class settlement or submit a Revocation Request. [Doc. No. 25 ¶¶ 7, 11.]

On September 17, 2012, the *Arthur* court entered its order and final judgment approving the settlement. [Doc. No. 17-7.] This order incorporated the provisions of the parties' Amended Settlement Agreement and defined the Settlement Class as:

> All persons to whom, on or after October 27, 2005 and through September 14, 2010, Sallie Mae, Inc. or any other affiliate or subsidiary of SLM Corporation placed a non-emergency telephone Call to a cellular telephone through the use of an automated dialing system and/or an artificial or prerecorded voice. Excluded from the Amended Settlement Class are . . . all persons who validly request exclusion from the Settlement Class.

[*Id.* ¶ 6.]

The final approval order further stated that "each Settlement Class Member . . . will be deemed to have fully released and forever discharged Sallie Mae . . . as of the date of the Final Approval Order . . ." for claims that arise out of the Telephone Consumer Protection Act. [*Id.* ¶ 9.]

DISCUSSION

A.    Legal Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material if, under governing substantive law, it could affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S.

1    242, 248 (1986).  A dispute is genuine "if the evidence is such that a reasonable jury
2    could return a verdict for the nonmoving party."  *Id*.

3          The moving party bears the initial burden of establishing the absence of a genuine
4    issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  "Where the
5    moving party meets that burden, the burden then shifts to the non-moving party to
6    designate specific facts demonstrating the existence of genuine issues for trial."  *In re*
7    *Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010) (citing *Celotex Corp.*, 477
8    U.S. at 324).  Inferences drawn from the underlying facts are viewed in the light most
9    favorable to the nonmoving party.  *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio*
10   *Corp.*, 475 U.S. 574, 587 (1986).

11   B.    Analysis

12         Defendant asks for two types of relief in its motion for partial summary
13   judgment.  First, defendant seeks partial summary judgment on plaintiffs' TCPA claim
14   to the extent the claim arises from calls placed prior to September 17, 2012.  Second,
15   to the extent that plaintiffs' TCPA claim arises out of calls placed after September 17,
16   2012, defendant asks the court to find as a matter of law that plaintiffs gave their prior
17   express consent for defendant's automated calls to their cell phones as of September 17,
18   2012.

19         1.    Plaintiffs' TCPA Claim Arising From Pre-September 17, 2012 Calls

20         As to defendant's first requested relief—preclusion of plaintiffs' TCPA claim to
21   the extent it arises out of pre-September 17, 2012 calls—the court first notes that this
22   request appears unnecessary, as plaintiffs only complain of calls that defendant made
23   beginning a year prior to the filing of their complaint.  [Doc. No. 1 ¶ 13.]  Plaintiffs
24   filed their complaint on April 2, 2014, so they complain of conduct beginning April 2,
25   2013.  Thus, whether the *Arthur* class settlement would preclude plaintiffs from
26   pursuing a TCPA claim based on pre-September 17, 2012 calls is irrelevant, because
27   plaintiffs do not complain of conduct occurring prior to September 17, 2012.

28         Nonetheless, the court agrees that the *Arthur* Final Judgment precludes plaintiffs

from asserting a TCPA claim based on calls made prior to September 17, 2012.  Under the *Arthur* Final Judgment, all *Arthur* class members are "deemed to have fully released and forever discharged Sallie Mae [and its affiliates] . . . from any and all . . . claims . . . as of the date of the Final Approval Order: (a) that arise out of or are related in any way to the use of an 'automatic telephone dialing system' or an 'artificial or prerecorded voice' to contact a cellular telephone . . . including . . . claims under or for violation of the Telephone Consumer Protection Act . . . ." [Doc. No. 17-7 ¶ 9.]  Thus, if plaintiffs intend to complain of calls made prior to September 17, 2012, the *Arthur* Final Judgment precludes any such claim.

In their opposition, plaintiffs first argue that there is a dispute of fact as to whether Jennifer Andrews is a member of the *Arthur* class.  Yet in the joint statement of undisputed facts, filed after plaintiffs' opposition, plaintiffs acknowledge that they are both members of the *Arthur* settlement class.  [Doc. No. 25 ¶¶ 1, 2.]  In addition, Carl Cannon, whom defendant employs as a Customer Advocate, confirms in his Declaration that  defendant placed non-emergency phone calls to Jennifer Andrews's cell phone during the class period.  [Doc. No. 26-1 ¶ 5.]

Plaintiffs also appear to argue that the *Arthur* Final Judgment cannot preclude their TCPA claim, to the extent it arises out of pre-September 17, 2012 conduct, because they "never received any notice of the class action known as *Arthur v. Sallie Mae.*"  [Doc. No. 22-2 at 2 ¶ 2, at 4 ¶ 2.]  Jennifer Andrews states that she did not receive the notice that was mailed to her on May 2, 2012, and Gregory Andrews declares he did not read the notices published in *USA Today* on April 18, 2012 and April 25, 2012, or in *The Wall Street Journal* on April 18, 2012.  [*Id.* and Doc. No. 17-2 ¶ 5.]

But Due Process does not require that a class member receive actual notice of the class settlement before being bound by it.  *Silber v. Mabon*, 18 F.3d 1449, 1454 (9th Cir. 1994).  Instead, class notice satisfies Due Process when it is the "best notice practicable."  *Id.*  The *Arthur* court approved the program of class notice as "the best

1  practicable notice under the circumstances," [Doc. No. 17-7 ¶ 12], and plaintiffs here

2  do not argue that it was deficient (or explain *why* it was deficient).

3       Plaintiffs also contend that the *Arthur* class settlement does not preclude claims

4  for violations of the TCPA that occurred after September 14, 2010, because the *Arthur*

5  class applied only to persons who received automated calls between October 27, 2005

6  and September 14, 2010. Yet while the *Arthur* class period ended September 14, 2010,

7  the Final Judgment in *Arthur* states that all class members release all TCPA claims

8  against Sallie Mae arising as of the date of the Final Judgment, September 17, 2012.

9  [*Id.* ¶ 9.]

10       2.     Plaintiffs' TCPA Claim Arising From Post-September 17, 2012 Calls

11       Next, plaintiffs argue that any ruling that they are deemed to have given prior

12  express consent to defendant's calls as of September 17, 2012 would conflict with the

13  Federal Communications Commission's Declaratory Ruling, *In the Matter of Rules &*

14  *Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 23 F.C.C. Rcd. 559,

15  564 (2008). By failing to opt out of the *Arthur* class settlement or to submit a

16  Revocation Request, however, plaintiffs accepted the terms of the *Arthur* settlement.

17  If plaintiffs had objections to any terms of the *Arthur* settlement, they could have done

18  what the settlement notice instructed them to do: opt out or raise objections. As the

19  United States District Court for the Southern District of Florida held in addressing a

20  similar argument from another *Arthur* class member:

21          Whether the *Arthur* court had the authority to approve the revocation
        request procedure is not properly brought before this Court. That issue

22          could have been addressed upon an appeal from the *Arthur* Settlement
        Order and Final Judgment. In the absence of a reversal of this Order and

23          Judgment on appeal, it remains binding upon Plaintiff and is determinative
        of the motion before this Court.

24

25  *Fostano v. Pioneer Credit Recovery, Inc.*, No. 13-80511-CIV, 2014 WL 657680, at *4

26  (S.D. Fla. Feb. 20, 2014).

27       Finally, plaintiffs contend that, even if they are deemed to have given their prior

28  express consent to defendant's automated calls to their cell phone as of September 17,

2012, they subsequently revoked their consent.  Plaintiffs supports this argument with their declarations that they have "repeatedly revoked any consent [defendant] had over and over again.  [They] orally revoked consent many times prior to 9/10/201 [sic], in between 9/10/2010 and 9/17/2012 *and after 9/17/2012*."  [Doc. No. 22-2 at 2, ¶ 5 and at 4, ¶ 5] (emphasis added).

Defendant responds that the issue of whether plaintiffs revoked their consent after September 17, 2012 is not before the court.  Rather, defendant only seeks partial summary judgment that plaintiffs are deemed to have given their prior express consent as of September 17, 2012.  Thus, defendant acknowledges that, with respect to plaintiffs' TCPA claim, a factual issue remains as to whether plaintiffs revoked their prior express consent subsequent to September 17, 2012.

## CONCLUSION

For the reasons set forth above, defendant's motion for partial summary judgment [Doc. No. 17] is GRANTED.  To the extent plaintiffs assert a TCPA claim arising out of defendant's automated calls to their cell phone made prior to September 17, 2012, the claim is precluded by the *Arthur* judgment.  In addition, plaintiffs are deemed to have given their prior express consent to defendant's automated calls as of September 17, 2012.  A genuine dispute of material fact remains as to whether plaintiffs revoked their consent subsequent to September 17, 2012.

**IT IS SO ORDERED.**

DATED:  November 20, 2014

_____
**CATHY ANN BENCIVENGO**
United States District Judge